the Judges delivered their opinions, seriatim.
Judge Coalter.
The first question is, as to the jurisdiction of this Court.
The action is on a single bill for 250 dollars. There are two pleas; 1st. Payment generally, and 2d. Pay *141 snent before notice of assignment: and the jury find for the plaintiff, the debt in the declaration mentioned, to be discharged by the payment of 46 dollars and 59- cents, with interest thereon from the 6th of March, I SO Í, till payment; and judgment was entered accordingly.
The judgment, therefore, in this case is, de facto, for' 250 dollars ; and the main question then, is divided into two : 1st. Whether the judgment ought to have been in the form in which it is ; and, 2d. Whether, if it ought, the Court ought not to look to the substantial, not to the formal recovery, in ascertaining their jurisdiction.
As to the first, it may suffice to observe, that although the late decisions in England are. that in actions o*’ debt on simple contract, judgment may be entered for the sum proved to be due ; as, in detinue, for the goods proved to be detained ; yet, I apprehend, no case can be ibucd, where the debt arises by specialty, in which the judgment is not entered for tñe entire sum.
In cases of simple contract, the defendant may plead nil debet; but before the statute giving the plea of payment, where such payment was made after the day mentioned in the condition, the bond was considered as discharged of its condition, and the defendant could not, either on a bond or single bill, plead payment, without; at the same time, pleading an acquittance ; and that he must have pleaded with a proferí ; it being under seal; agreeably to the common law maxim, that a contract must be dissolved by an instrument of equal dignity with that which created it.(a) If theie is a condition, or defeasance, by which the party may discharge himself by the payment of a less sum within a given time, he might avail himself of this condition by craving oyer thereof, and pleading that he had performed it; in other words, he might plead solvit ad diem. In consequence of this strictness of the common law, the parties were compelled, where payment had not been made according to the condition, by reason of which, the bond became, as it were, single, and the plaintiff had a right to judgment *142 for the penalty, to resort to the Courts of equity to béí. relieved from the-penalty : to avoid this inconvenience, therefore, the statute in this country (similar to which,is the statute of 4 and 5 Ann, c. 16., in England) provides, that where judgment shall be entered on ,a bond, conditioned for the payment of money, the judgment shall be entered for the penalty, to be discharged by the payment of the principal sum due, with interest thereon,, and costs; in other words, giving the Common Law Courts a right to relieve against the penalty. I dont understand this act as giving the right to enter judgment, for the penalty ; (that would have been the entry before the act;) but as permitting the entry to go further; that is, to have a condition annexed to it that it may be discharged by payment of the principal sum due, &c.-; and this clause of the act provides for those cases where no payment had been made, either before or after the day» This, however, was not the' only inconvenience arising from the strictness of the Common Law, in this respect 3 a person indebted by bond may have made payments after the day specified in the condition of such bond, to the full amount of the principal sum, with all interest due ; yet, such payments being made after the day, and no acquittance being obtained, payment ad diem could not be pleaded ; or he may have paid off a single bill without procuring an acquittance; in such cases, he was bound by the rules of the Common Law, to plead payment with an acquittance, as before stated ; which not being obtained, the parties were again forced into the Courts of equity : to remedy which, the statute further provided, that in case of a bond, &c. conditioned for the payment of money, the defendant might avail himself of the performance of . the condition after the day limited therein for the payment 5. in other words, that he might plead payment post diem; .and I have, no doubt but that the legislature intended to extend the right of pleading payment without acquittance to cases of single bills, according to the clear provisions of the statute of Ann„ although *143 they are not so explícitas that statute is, or as could be wished. It is sufficient, however, in this case, that the statute, concerning assignments, gives a clear right to the defendant, to set up all payments made to the original obligee before notice of assignment.
The plea, according to these provisions, was, that the party, after the day, had paid the principal and all interest due, &c. : (a payment of part could not be pleaded :) and if he made good his plea, he succeeded ; if not, the plaintiff still recovered the entire sum, but to be discharged by the sum found ; the plea being falsified. But iu consequence of some difficulty, or doubt, as I apprehend, whether partial payments, or mutual defats, could be introduced, or in consequence of the danger of surprise on the parties, the statute of Geo. II. “ concerning discounts and off-sets,”(a) was enacted in England; and a like doubt, in this Counfry, whether the practice which prevailed, of allowing payments, or off-sets in part, in the nature of a discount, and of entering up judgment to be discharged by the balance found really to be due, was correct, produced our statute concerning discounts. That course is again confirmed by the act concerning interest, which directs, that the jury shall find the sum that is really due, and say from what time interest shall run, if th"y shall ulloxv interest; and the judgment is still given for the debt in the declaration mentioned, as also for the interest, by the jurors in their verdict found ; and which interest is in the nature of damages.
None of these laws were intended, I, presume, to change the Common Law forms of entries, or mode of bringing suits, and declaring. But may be said, that if a single bill has been due a considerable time, and a small part only has been paid, so that the balance, with the interest thereon, will far exceed the amount declared on, the condition annexed to the judgment, to wit, that it is to be discharged by the payment of a larger sum, would be nugatory and improper.
*144 This objection, I think, may easily be obviated by attending to the regular forms of entries,
I will first instance a bond for 100 dollars, conditioned to pay 50 dollars, which has been due for twenty-five years, and admitted to be a subsisting debt. If there is a judgment by default in this case, the Court will render a judgment for the 100 dollars, and will not annex a condition, under the act of assembly, allowing a running interest, inasmuch as the party would not be bound to pay the greater sum mentioned in the condition, and might discharge himself by the payment of the 100 dollars. And so the regular entries are for the 100 dollars without condition.
But the plaintiff wants his interest beyond the twenty years ; and, having claimed damages for the detention of the debt, he either takes his writ of inquiry, or the jury are charged on the defendant’s plea of payment, if there was a plea, and they assess the damages beyond the twenty years ; and then .the judgment will be for the penalty, together with these damages, as though the bond were single. This would have been the course before the late act of assembly authorizing the jury7, if they allow interest, to say from what time it shall run, Etc.; and Ss to what would be the proper entry, since that law will be considered hereafter.
I will now take the case of a single bid for 110 dollars. I will suppose 10 dollars of it to have been paid at the time the bill fell due ; and that the balance had been on interest for five years ; and will inquire what would have been the proper verdict and judgment, as well before, as since, the act concerning interest above mentioned.
The verdict, if before the act, when drawn out in full form, would be, “ We, the jury, find that the defendant hath not paid the debt in thé declaration mentioned, as the plaintiff, by replying, hath alleged, but that 100 dollars, part of the said debt, is yet due, and owing to the plaintiff, and we assess the plaintiff’s damages by reason *145 ©f the detention of said debt, to 30 dollars, beside his costs And the judgment on this verdict would be, 6t therefore it is considered by the Court, that the plaintiff recover against the defendant 110 dollars, the debt in the declaration mentioned, together with 30 dollars, the damages by the jurors in their verdict assessed, and his costs : But this judgment may be discharged by the payment of 100 dollars debt, together with the damages aforesaid, and the costs.”
Since the act concerning interest, the verdict, in the above case, would be : “ We, the jury, find that the defendant has not paid the debt in the declaration mentioned, as the plaintiff, by replying, has alleged, but that he yet owes to the plaintiff 100 dollars, part thereof, with interest thereon from the day of , until paymentand the judgment thereon would be entered thus : “ That the plaintiff recover against the defendant 110 dollars, the debt in the declaration mentioned, together with interest on 100 dollars, part thereof, from the day of , until payment, as by the jurors, in their verdict aforesaid, allowed, and his costs : But this judgment may be discharged by the payment of 100 dollars debt, with interest thereon as aforesaid, and costs.”
The Act of Assembly has only changed the damages from interest, found in a gross sum, to a running interest.
This was done for the benefit of the creditor, and will not, by implication, be intended to alter his Common Law mode of recovery, or further to change the nature of his judgment, and the form of his recovery, than is necessary to effectuate the oojects of the law ; and being intended for his benefit, will not be construed so as to subject his specialty contract to the hazard, in this respect, of a simple contract, by giving him a judgment only for the sum found due, and thereby subjecting him to the danger of a non-suit, &c,
*146 Would not the contrary doctrine be extremely hard in such a case as this ? The plaintiff is assignee of a sin-kill j he is, at his peril, to notice the payments made to his assignor, and bring his suit for the balance; otherwise, if it tbrns' out that the balance is below a. p,iven SUm, he is non-suited ! (a) ° ’ ' J
But even as to the original parties, credits may be claimed and setup, which are really unjust, or which the party expected were to be adjusted another way ; in fact, the defendant may, or may not, make his discounts; he may elect a cross suit. Í think, in this country, the defendants are sufficiently favoured in being permitted to offer their discounts, without notice: and I see no reason for now altering a practice which, I believe, has been uniform in all the Courts, for the great length of time, during which, many of these laws under which the change is now called for, have existed. I believe such a decision would produce incalculable mischief by subjecting a vast number of just judgments to reversal, of which the parties never thought of complaining.
- The verdict and judgment' therefore are, in my opinion, substantially, in correct form.
If this be true, then this case, as to the jurisdiction of the Court, will stand upon the same ground, I apprehend, as the cases of bonds above 100 dollars, conditioned to pay a sum below 100 dolls.; or where the payments proved, reduce the sum ,actually due, as in this case, to 46 dolls. 59 cents. I would not. refuse jurisdiction in one of these cases, unless I Would in both. The larger sum, in both cases, is that which is recovered according to the forms of law, and may be said to be notninal; the smaller is the real sum recovered. I at first inclined to think ihat we ought, in both cases, to regard this latter, as the sum on which our jurisdiction would depend. I am told, however, in cases of bonds, the penal sum has always formed the criterion, and I incline to think, that this is proper, and ought not now to be departed from.
*147 Had this suit originated in the District Court, if I sti right on the first point, that Court would have had jurisdiction, and would not have non-suited the plaintiff, although the sum realij' due was found to be but 46 dollars 59 cents.
The debt claimed and found by the jury, is 250 dollars ; the plaintiff, if required, is bound to establish his debt to that amount. Suppose there had been also a plea of ?ion cut factum, the whole sum would have been in contest. The plaintiff would have proved the sealing, and recovered the entire sum but the law authorizes the Court to annex a condition to their judgment. This act, though, will not, without express words, oust that Court of a jurisdiction, which it unquestionably has, according to the principles of the Common Law. But if that Court would have had original jurisdiction, I presume, for the same reasons, it would have had appellate jurisdiction : .indeed, it has taken appellate jurisdiction ; that Court having such jurisdiction, where the debt, or damages, or other thing recovered or claimed, exclusive of costs, is of the value of 300 dollars : and I think that Court was correct in taking such jurisdiction. But if this Court has not jurisdiction, that Court had none. The 14th section of the act constituting the Court of Appeals, says, that appeals may be granted, heard, and determined, by the Court of Appeals, to and from any final judgment of the District Courts, in the same manner, and on the same principles, as they are to be granted by the District Courts, to and from final judgments of the County Courts. According to this law, I apprehend, this Court has heretofore taken jurisdiction in cases of bonds, where the penalty has exceeded 100 dollars, although the principal sum really due was less. Seeing no reason to distinguish this case from cases on bonds ; and believing that the course of this Court, as to them, has hitherto been correct, and ought not to be changed; I think wc have jurisdiction in this case. This brings us to consider whether the judgment of the Superior *148 Court of law, reversing that of the County Court, was correct.
I do not think it necessary, or proper to decide, positively: whether the assignment of the bill in this case, could have been examined as a witness, on the ground that he stood equally indifferent to the parties, or rather, that his interest either way was equal; that point not aris ng, though I am strongly inclined to think that he might, on the principles stated in the case of Fordaine v. Lashbrooke, reported in 7 T. R. 601.
I am, however, clear, that to permit his oral or written declarations, made after the assignment, (and which he might not be willing to verify on oath,) to be given in evidence, would be opening a door to fraudulent combinations between the assignor and his former creditor, that would be of very dangerous tendency. I think, therefore, that the judgment of the County Courts, rejecting such declarations, was correct, and must be affirmed, and that of the Superior Court reversed.
Judge Cabell.
It has been long and repeatedly settled, that the plaintiff, in debt or simple contract, may support his action by proof of a sum different from that claimed in the declaration, (unless there be a variance in the description of a written instrument;. and that his recovery will be according to his proof, and not according to his claim, (a) In such cases the a tion of debt may be assimilated to t?.e action of assumpsit. In the case before the Court, the action was founded on a single bill, and the jury having found for the plaintiff the debt in the declaration mentioned (250 dollars) to be discharged by the payment of 46 dollars and 59 cents, with interest thereon from the 6th day of March, 1804; the County Court entered up a judgment, pursuant to, and almost in, the words of the verdict. Not having heard the first argument in this case, I shall give no opinion except on the general questions, growing out of the se *149 ected argument, as to the proper manner of entering up the judgment, and as to the jurisdiction of this Lourt. •
The foundation of the action being a written inotrument, plainly and distinctly set forth in the declaration, it is very evident, on general principles, that the action.could not be sustained, but by the exhibition of the? very writing declared on. This writing would show that the certain and precise sum claimed was originally due; and if there should be no other evidence in the cause, judgment-would necessarily be given for the whole sum thus claimed. But since the act of 1748, (a) it has been always competent to the defendant in an action like the present, to make, on the trial, all the discount ho can; and upon proof thereof, the same shall be allowed in Court.” If such discount be “ allowed,” it operates as an extinguishment of so much of the plaintiff’s demand ; and on what principle is it that the Court can give a judgment for the part thus legally extinguish' d, and standing on no better ground than if it had never existed. It cannot be necessary for identifying the cause of action, so as to prevent a future suit for the same thing; for that is sufficiently done by the declaration. ¡ can perceive no rule of law which requires it, nor any principle of justice which authorizes it. These remarks do not apply to the cases of bonds having conditions that the penalty shall become void on the payment of a smaller sum. There the latv requires the judgment to be entered for the penalty which serves as a security to the plaintiff for the sum really due with its interest. But where the parties have created no penalti, and where the law does not annex one, what right has the plaintiff, or the Court, to give to the sum originally due, but since partly discharged, all the effect of a penalty ? Such a course, would, in many cases, be materially injurious to the defendant, by subjecting him to the costs of a suit in the Superior Court, if there remained due one c nt only; and even if tha! fact should appear by he receipts endorsed on the single bill, as exhibited by the plaintiff' him *150 self. I am, therefore, clearly of opinion that the County Court erred in the form of entering up the judgment.
But the question of jurisdiction now presents itself, founded on the objection that the sum really due, and in controversy between the parties, is of less value than ÍOO dollars. I was, on the first view- of this subject, strongly inclined to believe that, a3 the judgment of the County Court was in form, for a sum sufficiently large, this Court might, on that account, take cognizance of the case, and proceed to affirm a reverse _ Bat on further consideration, and particularly on a more attentive examination of the clause of the Act of Assembly defining the jurisdiction of this Court, (1 vol. Rev. Code, p. 60.) I have abandoned that impression. It is evidently the intention of the legislature to exclude from this Court causes of minor importance; and, therefore, its jurisdiction, in cases at law, is confined to causes where the matter in controversy, shall be equal i-n value, exclusive of costs, to 100 dollars. In the case presented by this record, I consider the matter in controversy between the parties, to be the sum of 46 dollars and 59 cents, found by the jury, and not the nominal sum of 250 dollars, for which the Court, in pursuance of their own ideas of form, have entered the judgment. The plaintiff was obliged to demand, in his declaration, the 250 dollars ; that being the amount of his single bill; but that is not the matter in controversy ; for the jury, substantially, found only the sum of 46 dollars and 59 cents, with which he is content,-but to which the defendant objects as being too much. This sum is, therefore, the real matter in controversy, and decides the question of jurisdiction. I am, therefore, of opinion, that the appeal be dismissed, as having been improvidently granted.
Judge Brook.
The judgment in this case is for 250 dollars, to be discharged by the payment of 46 dollars and 59 cents, the amount of the verdict of the jury.
Whether the judgment was correctly entered, it is not *151 now necessary to decide. My impression is, that it ought to have been rendered for the sum found by the jury, and no more. That sum, I consider, in the present case, to be the true criterion of the amount of the matter in controversy in this Court; and, of consequence, that it cannot take cognizance of the appeal in question. The case in 4th Cranch, (which has been relied upon) is, in principle, analogous. There, the judgment of the inferior Court was correctly entered for the penalty- of the bond, which amounted to more than enough to give the Court jurisdiction; but the damages claimed beingless, the Court refused to take cognizance. I am not prepared to say, however, that, in the case of a judgment (for a penalty; on a bond, that case would be conclusive here. There may be something in the Act of Assembly in relation to judgments on bonds which might change die rule of decision. la other respects, it appears to me that there is no substantial difference between that section' of the Act of Congress, upon which the decision alluded to was bottomed, and that section of the Act of Assembly which defines the jurisdiction of this Court. I am therefore of opinion that the appeal be dismissed.
Judge Roane.
This is an action of debt brought by the appellant against the appellee in the County Court of Harrison. It was an action for nioney, although it was cotemporaneously agreed and stipulated in the bill Itself, that deer skins, and other articles would be received in payment. In 2 Bac. 278. we are told, that in the case of a bill for 20/. to be paid in watches, an action of debt must be brought for the money, and not for the watches, because they are of uncertain value. It is also an action upon a single bill for 275 dollars, and not on a bond or bill penal for that sum. Although the single bill, which is contained in the record, not being set out upon oyer, cannot be resorted to, to show this, and the words “ writing obligatorycontained in the declaration, standing singly, would perhaps more properly import a bond or bill penal *152 than a single bill, I infer irresistibly that the instrument on which it is founded was of the latter, and not of the former, character. I infer this irom the general structure of the declaration, from, its being therein stated that the promise was to pay the same sum in deer skins, and other articles, ¡which would seem to exclude the idea of the payment of a smaller sum in money,) and from the omission to aver in the declaration, as is usual in those on bonds, that the party acknowledge himself bound in the sum in question, but only that he promised to pay it.
In this action upon a single bill for 250 dollars, the jury found a verdict for the plaintiff, for “ the debt in the declaration mentioned, to be discharged by the payment of 46 dollars and 59 cents, debt, with interest thereon from the 6th of March, 1804;” on which the County Court gave judgment “ that the plaintiff recover of the defendant the sum of 250 dollars, to be discharged by the payment of 46 dollars and 59 cents, with interest thereon from the 6th of March, 1804, and his costs.” To this judgment the defendant obtained a supersedeas from the Superior Court, where the judgment was reversed on the ground that certain evidence offered by the defendant was, in its opinion, improperly rejected; and the same Court ordered a new trial to be had in which such evidence was to be received by the County Court. From this judgment of reversal, the appellant (the former plaintiff) appealed to this Court.
1 he first question which arises is, whether this Court can take jurisdiction in the case, so as to decide whether the said judgments, or either of them be erroneous. This is an inquiry which is always antecedent to, and exclusive of, every other. In making this inquiry, I beg to be understood as confining my remarks exclusively to the case now before us ; .hat of a judgment rendered on a single bill, as if it were a bond with a penalty, and in which the sum, by the payment of which the defendant may discharge himself, is below the limits of the juris *153 diction of this Court, although the penalty affixed, or assumed by the judgment is above it.
In chalking out the jurisdiction of the several Courts of this Commonwealth, there is a relative gradation in point of the value of the subject of controversy, beginning at the lowest, and ascending to the highest, with the exception of certain subjec's ; as freeholds and franchises, for example, as to which, on account of their dignity and importance, the standard of value is entirely disregarded, 'ihus, the County Courts had jurisdiction in all cases of mere value than five dollars, (since extended to a larger sum ;) as to which those Courts proceed in general according to the course of the common law : but where the debt, or penally, or goods detained, &c. were not of greater value than twenty dollars, they were to proceed in a summary way by petition; with a provision that, if any person should bring any other action than a petition, and it should appear, by his own showing\ or by the verdict of a jury, that he might have brought a petition, he should be nonsuit. Thus, it was the sum found by the jury in cases of recovery, and the sum sued for in other cases, which determined whether the jurisdiction should be sustained by way of action.
In relation to appeals from the County Courts to the District Courts, the same principle seems to be studiously kept in view, though under a varied form of expression. Thus, it is first said, generally, that appeals will only lie in this case where the causes amount to 30L or 3,000 pounds of tobacco ; but lest this general criterion might be liable to misconstruction, the law afterwards adds, that appeals will lie to the District Courts “ where the debts or damages, or other things recovered or claimed., shall be of the value of 100 dollars,” íkc. I incline to think that this expression recovered or claimed, is to be taken distributively, as in the above clause relative to petitions, the former applying to cases of recoveries, in which the amount recovered must be of the value required by the Act, and the latter applying to cases in *154 which the plaintiff fails to recover any thing, if, upon his own showing, or the statement of his claim, hé is entitled to come into the District Court. On any other construction, a plaintiff wholly failing to recover would be without any remedy by appeal. This principle, expressly enacted as to petitions, as aforesaid., and supposed to be kept up in relation to appeals from the County Courts to the District Courts, will, it is supposed, lose none of its force when applied to the Supreme Court of-the Commonwealth, deeply engaged as that Court is in settling the principles of our jurisprudence, and deciding causes of considerable value, the legislature might with great propriety confide the inferior ones to the exclusive decision of the other tribunals. Is there any thing in the act establishing the jurisdiction of this Court which impairs the force of this principle ? Q,uite the contrary. That act declares that appeals shall lie to this Court from decrees of the High Court of Chancery, and judgments of the General or District Courts, if the matter in controversy be equal in value. exclusive of costs, to 10Ó dollars, &c. or be a freehold or franchise. What is the matter in controversy in the case before us ? That which is the essence and substance of the judgment, and by which the party may discharge himself; that is, 46 dollars and 59 cents with interest; and which is below the value required to give jurisdiction either to this Court or the Superior Court of Law. The form of the judgment holding up (I think erroneously in this case) a larger sum, as the sum for which the judgment is formally given, will not elude or evade those land marks by which controversies of small value are withheld from the cognizance of, this Court.
But if the expressions in the act constituting this Court were even less definite than those contained in the other acts, as aforesaid, it will not readily be conceded, that a-principle, running clearly through every other part of the system, would be lightly lost sight of, in relation to that Court to which it is more important than to any *155 other. If it be said that this construction would repel from the jurisdiction of this Court matters of great amount which have been illegally reduced by the inferior Court, below the limits of our jurisdiction ; I answer, 1st. That this is an inquiry which is posterior and foreign to the inquiry whether this Court has jurisdiction, which depends only on the judgment, or declaration, as the case may be ; 2dly. That this objection was urged and overruled in the case of Hepburn v. Lewis,(a) and many other cases in this Court; 3dly. That this objection is also expressly overruled in the aforesaid provision in the petition law, and also by the similar construction I have assigned to the act allowing appeals to the District Courts ; 4-thly, That a contrary construction would whittle down the jurisdiction of this Court to matters of the smallest amount; and, Sthly. That it is better that a partial'ar mischief should ensue, than a general inconvenience, breaking down the barriers wisely erected between the several departments of the judiciary, and prostrating, as to one of them, a principle expressly applied by law to the others.
In strict conformity to this idea has been the decision of the Supreme Court of the United States, in the case of the United States v. M'Dowel, 4 Cranch, 316. That case is even infinitely stronger than the case before us; 1st. In being the case of a bond, in which a contrary principle might have prevailed, in consequence of the provision of the general law requiring judgments in such cases to be entered for the penalty;* and, 2d!y. in this, that it depended upon a solitary provision in the judicial act of Congress, in substance precisely similar to the one in our act giving jurisdiction to this Court, whereas our act is cars oborated and explained, as to the point now in question, by various other acts as aforesaid, forming one judiciary system.
*156 For these reasons, I am of opinion, that this Court has no jurisdiction in the Appeal before us, and that it should be dismissed.
Understanding this to be the opinion of a majority of the Court, I ought, here, regularly, to stop. It is not important to inquire whether the. judgment of the Superior Court should be reversed for having directed improper evidence to be admitted' on the future trial or for not having reversed the decision of the County Court, so far as it gave a judgment for the penalty. If it were necessary, I might, perhaps, be of opinion, that this last error, being, possibly, beneficial to the defendant, by limiting a sum, (a very remote one, indeed,,) which might curtail the amoitnt of interest recovered against him, shoiild not, in his favour, be considered as a ground to reverse the judgment. As to these p unts, I mean not to give a decided opinion, as beint- unnecessary. The same remark applies to the question whether the judgment was legally entered in this case for the penalty : but, as that question is very important, and has been considered by the judges, I will give my present opinion upon it.
In the case of bonds with penalties, a judgment similar to the one before us, is not only called for by the express provisions of the statute, but established that standard of damage which (as was said by judge Lyons, in the case of Pane v. Elizey, 2 Wash. 143.) was agreed upon by the parties themselves : whereas, in the case of a single bill, this last circumstance is not only entirely wanting, bui such á judgment erects into a penalty, without any statutory requisition, a sum which, in event, abridges the principal and interest actually found due by the jury. I will put the case of an action on a single bill for 30/. in which the jury finds a verdict for 29/., with interest from a period five years anteceden}; thereto ; if, in such case, the judgment is entered for the 30/. to be discharged by the payment of the 29/. and interest, the defendant may elect to pay the 30/. and thereby *157 abridge the sum actually found due by the jury. What is there in the nature of this action that leads, in the case of a single bill, to such a consequence ? It is true, that it was formerly held that in an action of debt you must recover the whole sum claimed, or nothing. Without going into the reason of that doctrine, or stating the particular exceptions to it, the doctrine now is, that you may recover less, or, as Blackstone says, (vol. 3. 154.,) if the defendant shows that he has discharged any part of the debt, the plaintiff shall recover “ the residue f Throwing all other considerations out of the question, this result is clearly justified by the statutes of set-off in England, and the analogous acts concerning discounts in this country. Formerly, on a failure of payment, of any part of the sum due, at the day, the whole bond was forfeited, at law. and the defendant was forced to go into equity for relief: then came the statute allowing a plea of payment of the whole sum after the day ; but that still not being sufficient, the statutes of set-off were passed in England, giving the defendant the benefit of partial payments, by pleading or giving in evidence his discounts. On general principles, as a payment of the whole sum might be pleaded in bar, and would extinguish the action, a payment of part it would also seem) would extinguish it pro tanto, and turn the plaintiff, in the foregoing language of Blackstone, to recover only the residue.” But this matter does not rest merely on the general principle. It is provided by the Engl:sh statute of 8 Geo. II. concerning sett-offs, that the judgment shall be entered '"for no more than is justly due to the plaintiff after setting off the mutual debt, or, in other words, striking a balance ;(a) and as it is held, under this statute, that setting off is equal, and only equal, to an actual payment, (b) I infer also, irresistibly, that in the case of a partial payment also, judgment is to be rendered for the balance only. Our act of discounts, (2 Rev Code, 117.) is equally extensive with the English statute of set-off, to say the least. The words of that act on the *158 subject of discounts are extremely latitudinary; being that “ the defendant shall have liberty to make all the discounts he can ; and on proof thereof, the same shall be allowed in Court.” How is it allowed, if the,judgment is still to cover and comprehend the sum actually discounted under the act ? As, therefore, in the case of bonds with penalties, there is not only an express legislative declaration that the judgment shall be entered for the penalty, and net the sum mentioned in the defeasance, which may be also very important, since the act has been held to extend to bonds conditioned to pay money by instalments ;(a) and as, on the other hand, there seems to ' * be a counter legislative declaration, that in the case of discounts, or payments, the judgment shall be rendered only for the balance that is justly due, subject to the exception in the case of bonds as aforesaid, how can this judgment, on a single bill, be justified ?
In the case of Ross v. Gill, 1 Wash. 91., the sentiments of this Court, on the point in question, may be clearly perceived. In that case, which was debt for rent, and a judgment given for a certain sum, to be discharged by the payment of a smaller sum, this Court decided that this last was no part of the judgment, “ for that, as there was no penalty in the case, the law does not warrant such an entry.”
In the case of Asberry v. Calloway, ibid. 72., this Court, so far from extending the principle now in question, so as to embrace the case of single bills as well as bonds, actually refused to apply it in the case of a bond with a penalty. In that case a judgment was given in the Court below, on a motion on a Sheriff’s bond, for the penally of the bond, to be discharged by a stated sum found due by the defendants. On an appeal to this Court, that judgment was reversed (inter alia, on the ground, u that the law, directing judgment to be entered for the principal sum with which the under sheriff is chargeable, and the damages, and not for the pena ty, to be discharged by such payment, and being a new law in- *159 Producing a new remedy contrary to the course, of tbe Common Law, ought to be strictly pursued.” This last reason was assigned, only because the motion was founded on a bond with a penalty : in the case of a single bill it would have been wholly unnecessary. The first reason equally applies to the casa before us under the modern doctrine of recovering less than the sum demanded in an action of debt, and especially under the-construction X have given to the act of discounts as aforesaid. I am. inclined to think, that this construction conforms to the practice in this country. I judge so from the forms in Robinson's Book of Entries, in which the judgment is rendered for the balance only.
I repeat it, therefore, as my opinion, that the appeal be dismissed.

 1 Morg. Vade Mecum 277, 8, 9 2 Salk. 508, 519.

 See 2 Burr. 826. Collins v. Collins.

 See Hepburn v. Lewis, 2 Call, 497.

 Douglas's Report, p. 6, 2 Sr Wm. Blackstone, 1211; 1 H Black. 249, 550; 12 Mod. 72; and 2 Ld. Raym. 816.

 Virg. Laws, Ed. of 1769, p. 249.

 2 Call, 497.

 Note. At this time, the case of Newel v Wood, 1 Munf. 555 if published, was not reeohected ; in winch it was decided by this Court that in the case of bonds) the Court has jiuistUctioiu 'u the penalty be sufficient.

 6 Bac. 166. Bull N. P. 179.

 2 Burr. 8, 6.

 Bonafous v. Rybot, 3 Burr. 1370.